2007 OK CIV APP 113

In re Application for PERMIT TO BUILD ABSTRACT PLANT OF GREAT PLAINS INVESTMENTS.

Jackson County Abstract Company, Inc., Petitioner/Appellant,

v.

Great Plains Investments, Inc, an Oklahoma Corporation, and Jeff A. McMahan, State Auditor and Inspector, State of Oklahoma, Respondents/Appellees.

No. 103,829.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 24, 2007.

Certiorari Denied Nov. 5, 2007.

James E. Warner III, Holladay Chilton & Degiusti PLLC, Oklahoma City, OK, and, Michael P. Sullivan, Leach Sullivan Sullivan & Watkins, Duncan, OK, for Petitioner/Appellant.

Harvey D. Ellis, Chris M. Stephens, Crowe & Dunlevy, Oklahoma City, OK, and Bennett Christopher Wray, Altus, OK, for Respondent/Appellee, Great Plains Investment.

Scott David Boughton, Office of the Attorney General, Oklahoma City, OK, for Respondent/Appellee, State Auditor and Inspector.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Appellant, Jackson County Abstract Company (hereafter JCAC), appeals from the trial court's *Order* denying JCAC's *Petition for Review of Agency Action.* The *Petition for Review* asked the trial court to vacate the order of Respondent, Oklahoma State Auditor and Inspector (hereafter State Auditor), which approved the application of Respondent, Great Plains Investment (hereafter Great Plains), for a permit to build an abstract plant. We affirm the trial court's order.

¶ 2 In December 2002, Great Plains applied to State Auditor for a permit to build an abstract plant in Jackson County, Oklahoma. State Auditor is the Oklahoma official charged with regulatory authority over the abstracting business in the state. *Oklahoma Abstractor's Law* (the Law), 74 O.S.2001 §§ 227.10 *et seq.* An "abstract plant" is defined in § 227.11 of the Law as consisting of "a set of records in which an entry has been made of all documents or matters which legally impart constructive notice of matters affecting title to real property, any interest therein or encumbrances thereon, which are filed or recorded in the offices of the county clerk and the court clerk in the county for which such abstract plant is maintained."

¶ 3 JCAC, which owns Jackson County's only abstracting business, filed a protest with State Auditor objecting to issuance of the permit to Great Plains. The protest was filed pursuant to Oklahoma Administrative Code (OAC) § 80:1–3–1, which is included in the rules authorized by statute and published by State Auditor "for the purpose of implementing [the Law]." *See,* 74 O.S.2001 § 227.13(1). A hearing examiner was appointed by State Auditor in accordance with OAC § 80:1–3–5 to hear JCAC's protest. Prior to the hearing, which was held April 17, 2004, JCAC served a *subpoena duces tecum* on the Jackson County Court Clerk and on the County Clerk, directing each of them to produce certain documents alleged to either be missing from their files or to have been destroyed.

¶ 4 The list of the documents in dispute was compiled by JCAC, with the assistance of an expert who later testified at the hearing, from a "spot check" of the records in the Court Clerk's office and a review of JCAC's "track indexes", in which they "record court cases that relate to real property." In a search lasting "a couple of days", JCAC found 71 files "missing in the Court Clerk's office." Testimony from the Jackson County officials estimated there were more than 109,000 files in the Court Clerk's office and approximately 800,000 pages of records in the County Clerk's office. JCAC provided the list of 71 files to Court Clerk on April 12, 2004. By the time of the hearing on April 17th, the Court Clerk's office had been able to locate 51 of the files, leaving 20 unaccounted for at that time.

¶ 5 When the hearing examiner stated he was going to continue the hearing to allow the Court Clerk more time to search for the

20 missing files, counsel for JCAC asked to be allowed to reopen the case if the files were found because JCAC believed further investigation would find additional files missing. In view of the large number of files involved, and the prospect of an indefinite series of finding missing files and then more files being deemed missing, JCAC and Great Plains agreed to a stipulation "that the 20 cases listed on Great Plains Exhibit A as missing, are missing and will never be found."

¶6 In the "order" portion of the Hearing Examiner's *Findings of Fact, Conclusions of Law and Order of Hearing Examiner,* he opined, in relevant part:

... the records in the office of the District Court Clerk of Jackson County are not sufficiently complete to authorize the issuance of a permit to develop an abstract plant. However, upon the applicant's obtaining of those records otherwise unavailable from the offices of the District Court Clerk, it may request that the permit be issued. Once the applicant has satisfied the State Auditor and Inspector that all requirements for issuance of a permit have been met, including but limited to, provision of a current Abstractor's Bond and evidence the twenty specified missing records from the Jackson County Court Clerk have been obtained, the permit shall be issued.

¶7 State Auditor issued his *Order* on May 10, 2005, essentially ratifying the Hearing Examiner's order. In his order, State Auditor directed "the permit shall be issued without further delay or further hearing" upon Great Plains satisfaction of the requirements set forth in the Hearing Examiner's order, but added, "[t]he Complainant (JCAC) shall have the opportunity to challenge any future filing by Applicant (Great Plains) of a Request for Renewal of the Permit as well as any Application for a Certificate of Authority to engage in the business of abstracting."

¶8 JCAC requested a rehearing of State Auditor's May 10th order. State Auditor denied the application for rehearing and on July 13, 2005, JCAC filed this action in the Jackson County District Court in accordance with 75 O.S.2001 § 318. Section 318, includ-

ed in the Oklahoma Administrative Procedures Act (OAPA), 75 O.S.2001 §§ 250 *et seq.,* allows judicial review for any party aggrieved by a final agency order in an individual proceeding.

¶9 JCAC asked the trial court to reverse State Auditor's order because the stipulated 20 missing files precluded issuance of a permit to build an abstract plant, citing OAC § 80:10–3–9, which provides, *inter alia:*

... if after an administrative hearing this office (State Auditor) determines that the records in those offices (Court and County Clerk) are incomplete; then the applicant shall obtain all those records otherwise unavailable from the offices of the District Court Clerk and County Clerk prior to the issuance of the permit.

Alternatively, if the trial court did not reverse State Auditor's order, JCAC asked the order be modified to allow it to locate additional missing files.

¶10 Great Plains and State Auditor separately responded to JCAC's *Petition* in the trial court. The essence of both responses, as succinctly stated in State Auditor's response, is that "the requirements to obtain a permit to develop an abstract plant are not contingent upon the completeness of anyone's records." State Auditor noted the six reasons for denying an application for such permit are statutorily set forth in § 227.22 of the Law, and that JCAC was attempting to add a seventh by asserting a showing of completeness of the Clerks' records is a mandatory prerequisite. State Auditor further noted completeness of records *is* one of the factors properly addressed if a permit holder seeks a "certificate of authority" to operate an abstract business.

¶11 The trial court, in an order filed September 19, 2006 without specific findings, denied JCAC's request that State Auditor's order be vacated. The trial court did not expressly address JCAC's alternative request that the matter be remanded for further hearing to allow it to find additional missing files. Of course, if, as argued by Great Plains and State Auditor, completeness of records is not a prerequisite at the permit

stage, then JCAC's finding additional missing files would be irrelevant at this point.

¶ 12 JCAC appeals from the trial court's order denying its *Petition*. State Auditor and Great Plains have again separately filed their responses. "The same standard of review applies to both the trial court and the appellate courts when making determinations on appeal from an administrative agency ruling." (Citations omitted). *Permit to Develop an Abstract Plant of LeFlore Title, Inc., In re.*, 2003 OK CIV APP 76, 77 P.3d 621; 75 O.S.2001 § 322. "An agency's adjudicative order will be affirmed if the record contains substantial evidence in support of the facts upon which the decision is based, and if the order is otherwise free of error." (Citations omitted). *LeFlore Title*, at 622.

¶ 13 The contentions, arguments and legal authorities presented here are substantially those presented to the trial court as noted above. We find the positions asserted by State Auditor and Great Plains more persuasive. JCAC continues to rely on the provision in OAC 80:10–3–9 which purports to require an applicant for a permit to build an abstract plant to "obtain all those records otherwise unavailable from the offices of the District Court Clerk and County Clerk prior to issuance of the permit." JCAC argues this provision supersedes the Court of Civil Appeals determination in *LeFlore Title, supra*, upon which State Auditor and Great Plains rely. The provision in OAC 80:10–3–9 was not in effect at the time the application for permit in *LeFlore Title* was initially denied by State Auditor. It was not discussed in that opinion. Therefore, we hold it does not supersede the persuasive authority and reasoning contained in the opinion.

¶ 14 In *LeFlore Title*, as here, an existing abstract business objected to granting a permit to build an abstract plant in the same county on the grounds the court clerk's records were incomplete. A panel appointed by State Auditor to hear the permit application found the statute dealing with such permits had no requirement to prove completeness of records and recommended approving the permit. State Auditor denied the permit, but his order was reversed by the trial court.

The Court of Civil Appeals affirmed the trial court.

¶ 15 Judge Goodman, in *LeFlore Title*, examined the statutory process to seek state authority to engage in the abstract business. The Court found two steps were involved. The first step was gaining a permit to "develop" an abstract plant in accordance with § 227.21 of the Law. The second step is to obtain a certificate of authority pursuant to § 227.14 of the Law. The *LeFlore Title* Court notes § 227.21 provides that only after "completion" of the abstract plant may the permit holder seek to obtain a certificate of authority to actually engage in the business of abstracting.

¶ 16 In construing the language of the Law, the *LeFlore Title* Court concluded:

> The Legislature chose to use the words "develop" regarding the permit and "complete" regarding the certificate of authority. The permit allows the applicant to *develop* the abstract plant. Only if the development is successful to the point of being *complete* can the applicant receive a certificate of authority. Simply put, this language indicates a permit is to be granted in order for the applicant to attempt to successfully develop an abstract plant. If the attempt fails and the plant is not developed to the point of completion—possibly due to the incompleteness of the county's records—then one of the requirements for obtaining the certificate of authority is not fulfilled. Whether it is fulfilled is to be determined in the context of obtaining the certificate, not obtaining the permit. (Emphasis in original).

¶ 17 In our contemplation of the Law, we find the *LeFlore Title* Court's reasoning convincing and we adopt it. We are not persuaded by JCAC's assertion *LeFlore Title* no longer has relevance because of the subsequent amendment of OAC 80:10–3–9, which JCAC argues now requires an applicant for a permit to prove completeness of county records before the permit may be issued. While State Auditor is empowered by § 227.13(1) of the Law to "prescribe rules and regulations and make such orders as deemed necessary to implement [the Law]," those rules and regulations may not be contrary to the stat-

utes, or extend his powers beyond that granted by statute. *Heiman v. Atlantic Richfield Co.*, 1995 OK 19, 891 P.2d 1252; *Adams v. Professional Practices Commission*, 1974 OK 88, 524 P.2d 932.

¶ 18 Thus, even presuming OAC 80:10–3–9 did require a county's records be proven complete before issuance of a permit, and is therefore inconsistent with the holding in *LeFlore Title*, it would be in conflict with the Law, which has no such requirement, and must yield to the statutes authorizing the implementing rules. *Adams v. Professional Practices Commission*, 524 P.2d at 934. Section 227.21 of the Law authorizes permits for those "wishing to develop an abstract plant." The Legislature's choice of language connotes incompleteness—contemplating it may take some time to "develop" the abstract plant—not proven completeness of records at the time the permit is considered. The section also provides for renewal of the permit if the permit holder has not completed "development" of the abstract plant.

¶ 19 We find it worthy of note that State Auditor, by his arguments presented in this case, obviously does not interpret OAC 80:10–3–9 to require a showing of record completeness at the time a permit is granted. We must give some deference to State Auditor's construction of his own rules and regulations. *See, Southern Resources, Inc. v. Conoco, Inc.*, 1994 OK CIV APP 15, 870 P.2d 803. Additionally, State Auditor has provided, in OAC 80:10–1–4, that "[s]hould a court . . . find any part of the rules of this Chapter to be inconsistent with the provisions of law . . ., they shall be interpreted to comply with the statutes." Either circumstance supports the conclusion there is no requirement for Great Plains to prove the Jackson County records are complete *prior* to being permitted to attempt development of an abstract plant.

¶ 20 JCAC further contends State Auditor erred by only requiring Great Plains "obtain" the stipulated 20 missing records when there was evidence more records were likely missing. We have found there is *no* legal requirement for Great Plains to have established the county records were complete at the time it applied for the permit. How-

ever, when the parties stipulated, for the purpose of allowing the proceedings to continue without undue delay, that 20 records were missing and would not be found, the hearing examiner and State Auditor had to account for those records. State Auditor did so by allowing Great Plains to "obtain" the missing files.

¶ 21 The stipulated missing files could have been obtained by a more thorough search of the Court Clerk's office, or by reconstruction of the files pursuant to 67 O.S.2001 §§ 1 *et seq*, where procedures are provided for restoration of lost or destroyed official records. There was testimony concerning how official records could be so restored. While under the Law, State Auditor could have issued the permit without *any* proof of completeness of records, his requiring Great Plaint to obtain the 20 records in dispute was, at most, harmless error and we will not reverse on that basis.

¶ 22 There is substantial evidence supporting the trial court's order denying JCAC's request for vacation of State Auditor's order, and we find no prejudicial error of law. The trial court's order is AFFIRMED.

BUETTNER, J., and BELL, J., concur.